IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEREK LORENZO WALKER,<br><br>    Defendant.<br>_____/ | No. CR 06-702 CW<br><br>ORDER DENYING MOTION FOR SENTENCE REDUCTION (DOCKET NO. 57) |

Defendant Derek Lorenzo Walker, appearing pro se, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on the Sentencing Commission's Amendment 750 which retroactively lowers the base offense levels applicable to cocaine base offenses. Having considered the entire record in this case, the Court DENIES Defendant's motion.

BACKGROUND

On March 26, 2007, Defendant plead guilty, in a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii). Plea Agreement (Docket No. 20.) ¶ 1. The parties agreed that Defendant's offense level was 34, pursuant to the Career Offender Guideline, U.S.S.G.

§ 4B1.1(b)(B), and that Defendant might be eligible for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Id. ¶ 7. The Sentencing Table provides for a Guideline range of 188-235 months imprisonment at an offense level of 31 and a Criminal History Category of VI. The parties further agreed that a reasonable and appropriate disposition was a sentence of eighty-four months imprisonment. Id. On June 13, 2007, the Court held a sentencing hearing and imposed a sentence of eighty-four months imprisonment, consistent with what the parties had agreed to in the plea agreement.

In June 2008, Defendant, represented by counsel, filed a motion for retroactive application of the Sentencing Commission's 2007 amendment to U.S.S.G. § 2D1.1 (Amendment 706) which lowered the offense levels applicable to cocaine base offenses.[1] The Court denied Defendant's motion, relying in part on the fact that Defendant was sentenced pursuant to the career offender guideline, not U.S.S.G. § 2D1.1. Defendant appealed the Court's denial of his motion for sentence reduction and the Ninth Circuit affirmed. United States v. Walker, 475 Fed. App'x 198 (9th Cir. 2012).

DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. section

---

[1] Defendant, proceeding pro se, also moved, under 28 U.S.C. § 2255, to vacate or correct his sentence, claiming that his plea agreement was involuntary or the result of ineffective assistance of counsel.

2

3582(c)(2) creates an exception to this rule.[2] A defendant is eligible for a sentence reduction under Section 3582(c) "if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted). The policy statement at U.S.S.G. § 1B1.10(a)(1) provides that a defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines. . . ." U.S.S.G. § 1B1.10(a)(1). Accordingly, a defendant's sentence must be "based on" a sentencing range that has been changed, and the guideline range "applicable to" the defendant must have been lowered by an amendment in order for him or her to be eligible for a reduction under Section 3582(c).

The question of whether a sentence is "based on" a sentencing range is different from whether a guideline range is "applicable to" a defendant. Pleasant, 704 F.3d at 810 (citing United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009). Application Note

---

[2] Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

3

1(A) to U.S.S.G. § 1B1.10 provides that the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

Defendant's Sentencing Guidelines range was calculated pursuant to the Career Offender Guideline at U.S.S.G. § 4B1.1. Plea Agreement ¶ 7. Accordingly, the guideline range "applicable to" Defendant is the Career Offender Guideline, even though the Court sentenced him below that Guidelines range. Pleasant, 704 F.3d at 812. Because Amendment 750 does not reduce the applicable Guidelines range, Defendant is not eligible for a sentence reduction pursuant to § 3582(c).

## CONCLUSION

For the foregoing reasons, Defendant's motion for reduction of sentence is DENIED (Docket No. 57).

IT IS SO ORDERED.

Dated: 4/10/2013

CLAUDIA WILKEN
United States District Judge